UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR MCBRIDE II,

Plaintiff,

v.

CASEY'S GENERAL STORES, INC., et al.,

Defendants.
______________________________________/

Case No. 1:26-cv-2552

Hon. Hala Y. Jarbou

**ORDER**

Plaintiff Victor McBride II brought this action in Kent County Circuit Court against Defendants Casey's General Stores, Inc., and John Hawkins in July 2026. (*See* Case Information, ECF No. 1-1, PageID.7.) Two days after acknowledging service of the complaint on September 9, 2026, Casey's removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, which provides for federal court jurisdiction where the action is between citizens of different states and the amount in controversy is more than $75,000. 28 U.S.C. § 1332(a)(1).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "The burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it." *Id.* at 96. Casey's has not met its burden here.

Casey's argues that the parties are diverse because McBride is a citizen of Michigan and Casey's is a citizen of Iowa. But Casey's ignores the citizenship of Hawkins. Section 1332(a)(1) requires "complete" diversity, meaning that "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). According to the complaint, Hawkins is a resident of Michigan who was employed at Casey's store in

Grandville, Michigan. (Compl., ECF No. 1-1, PageID.9.) Thus, Hawkins is likely a citizen of Michigan, which would mean that the parties are not completely diverse.

Casey's contends that it is the "only Defendant" (Notice of Removal ¶ 15, ECF No. 1), but that assertion is belied by the complaint, which names Hawkins as an additional defendant. Casey's may mean that it is the only defendant thus far that has acknowledged service of the complaint or for which there is proof of service. But that does not mean it is the only defendant for purposes of diversity jurisdiction. Diversity of citizenship is determined by looking at the face of the complaint, not by assessing which parties have been served. *See N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) (citing cases); *Bishop v. Bennett Motor Express, LLC*, No. 3:24-CV-00669, 2024 WL 3488071, at *5 (M.D. Tenn. July 19, 2024) (same); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all *named* plaintiffs and all *named* defendants . . . ." (emphases added)); *Medlen v. Estate of Meyers*, 273 F. App'x 464, 470–71 (6th Cir. 2008) (named defendant destroyed diversity jurisdiction even though that defendant was not served until after removal); *Godsey v. Miller*, 9 F. App'x 380, 383 (6th Cir. 2001) (noting that diversity was lacking on the face of the complaint).

When asserting that it is the only defendant, Casey's cites 28 U.S.C. §1446(b)(2)(A). (*See* Notice of Removal ¶ 15.) That provision permits removal where all defendants "who have been properly joined and served" have consented to removal. 28 U.S.C. § 1446(b)(2)(A). Thus, Casey's likely means that it is the only defendant for which consent is required for removal because it is the only defendant that was properly joined and served at the time of removal. But even if that is true, § 1446(b)(2) does not expand the Court's subject matter jurisdiction. That provision expressly applies to cases "removed solely under 1441(a)." 28 U.S.C. § 1446(b)(2)(A). And

§ 1441(a) permits removal to federal court only where the Court has "original jurisdiction" over the matter. 28 U.S.C. § 1441(a). This Court does not have original jurisdiction over McBride's action because it asserts claims arising under state law and the parties are not completely diverse.[1]

In short, Casey's does not assert a proper reason for ignoring the citizenship of Hawkins, and the Court discerns no other basis for exercising subject matter jurisdiction. Accordingly,

**IT IS ORDERED** that the action is **REMANDED** to Kent County Circuit Court.

Dated: September 16, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

[1] Also, the forum-state defendant rule prohibits removal based on diversity jurisdiction if any of the parties "properly joined and served as defendants" is a citizen of the forum state. 28 U.S.C. § 1441(b)(2). Courts have rejected attempts by defendants to avoid this rule by racing to the courthouse to remove the case before service on the forum defendant is complete. *See Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1219 (M.D. Tenn. 2017).